RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 6-10-04

FILED
IN CLERKS OFFICE

2004 JUN 10 P 3:10

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**
DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.

| | |
|---|---|
| The HipSaver Company, Inc., <br>        Plaintiff, <br><br> v <br><br> J.T Posey Company, <br>        Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**04-11294 PBS**

MAGISTRATE JUDGE Collings

## COMPLAINT

This action seeks preliminary and permanent injunctive relief, damages, costs, and attorney fees for intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. The Defendant, J.T. Posey Company ("Posey") is the dominant, nationwide distributor of patient safety and support equipment and devices. The relevant market includes some 17,000 nursing homes and 3,000 rehabilitation hospitals. For some time, Posey has been engaged in aggressive efforts to thwart its much smaller competitors, most of which, like Plaintiff, the HipSaver Company, Inc. ("HipSaver") invent, design, manufacture, distribute, and sell a limited number of products. Posey does not invent new products; rather, its standard operating procedure is to copy and "knock-off" competitor products. Then,

1

/

Posey uses its marketplace dominance and deceptive advertising to disparage competitor products and drive smaller companies from the marketplace. That is the core issue in this lawsuit.

In an intentional, deceptive, fraudulent, and bad faith effort to damage and destroy HipSaver, Posey has directly targeted the Plaintiff with an advertising and marketing campaign grounded in literally false product safety comparison claims. Posey's false claims cite an entirely unreliable, fundamentally flawed, and fraudulently presented product test conducted by a graduate student at the University of California Los Angeles ("UCLA"). Posey has intentionally misrepresented the test protocol and results as if they are the work of UCLA. More important, Posey has fraudulently misrepresented the products which were tested and the results. The test protocol and results claim to have tested HipSaver products and to have found HipSaver products to be inferior and less capable of preventing hip injury to older patients than Posey's product. However, *HipSaver products were not tested* under the protocol; and Posey's widely published claims that its products are more effective than HipSaver products are literally false, deceptive, and the product of fraudulent misrepresentation.

HipSaver has been damaged by Posey's advertising and faces immediate and irrevocable harm without injunctive relief to halt Posey's advertising, to compel withdrawal of all catalogs and advertising materials containing the false claims, and to require corrective advertising to counter those claims.

## Parties

1.      HipSaver is a small, closely held company incorporated in the Commonwealth and operating from offices in Canton, Massachusetts. HipSaver has been in business since 1995.

2.      HipSaver's primary business is to invent, develop, manufacture, and sell soft hip protectors which reduce the potential for critical hip fractures in elder patients. HipSaver's soft hip protectors were invented by HipSaver's president, Edward Goodwin. The soft hip protectors incorporate an open cell foam pad enclosed in an expandable air pouch 1. Together, the pad and pouch have a substantial capacity to absorb energy associated with a fall and provide fracture protection to the femur. The device is washable and is sewn into clothing and positioned geometrically to cover the femur in the event of a fall or other impact.

3.      HipSaver protectors incorporate Mr. Goodwin's inventive technology for air-holding protective foam pad construction, including US Patent No. 6,519,789B2 and for a washable protective pad, including US patent pending pub .no. US2004/0078873 A1, before the United States Patent and Trademark Office.

4.      HipSaver protectors are marketed under the HIPSAVER® trademark.

5.      The Defendant, Posey, is a long established company and dominant supplier of patient safety and support products. Posey operates from home offices in Arcadia, California. As a consequence of increased regulation of patient restraint systems, Posey

has experienced a significant reduction in this product line and has sought to expand to other product lines such as patient alarms, bed enclosures, and hip protectors. However, Posey does not have an internal research, design, and development staff for products involving anything more sophisticated than simple cut and sewn fabric. And rather than develop and fund an internal expertise, Posey copies the work of other companies and then uses its market dominance to introduce "knock-off" products to the market.

## Jurisdiction and Venue

6. Posey operates nationwide through catalogs, internet sales, and a national network of representatives and distributors. In the Commonwealth of Massachusetts, Posey is represented by Dennis Damato. Nationwide, Posey markets to 17,000 nursing homes and 3,000 rehabilitation hospitals. In Massachusetts, Posey markets routinely to more than 100 health care facilities. HipSaver markets to the same facilities.

7. Posey is engaged in substantial business in and contact with the Commonwealth of Massachusetts. Further, Posey has and is carrying out the acts complained of here in Massachusetts; is therefore subject to the trial court's personal jurisdiction; and may be served and brought before the trial court under the Massachusetts Long-Arm Statute, G.L. c.223A, §3.

8. Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over HipSaver's federal claims for violation of the Lanham Act. Pursuant to 28 U.S.C. § 1332, the court has diversity jurisdiction over HipSaver's state law claims for violation of the Massachusetts Business Practices Act.

9.    Pursuant to L.R. 40.1 (C), venue is proper in the Eastern Division of the United States District Court for the District of Massachusetts where the Plaintiff is domiciled.

### Statement of Factual Claims

10.   In late 1998 or early 1999, three years after HipSaver introduced its soft hip protectors, Posey introduced a hip protector product under the mark, HIPSTER. This product was a soft, removable pad but was poorly designed and not well accepted in the marketplace.

11.   Beginning in early 2001, Posey secretively purchased samples of HIPSAVER hip protectors from the Plaintiff. Posey then copied much of the design and placement of the HIPSAVER protector and introduced a knock-off marketed initially as the HIPSTER III.

12.   After introducing its knock off, Posey apparently recognized that its HIPSTER product is vulnerable to quality and safety concerns. In early 2003, Posey retained a graduate engineering student at UCLA, Bimal Ghandi, to conduct sham, comparative tests of hip protectors. Mr. Ghandi was studying for a Master of Science degree in biomedical engineering. He was engaged by Posey to conduct tests of the "energy absorbing characteristics of various industry produced hip protectors".

13.   Posey and Mr. Ghandi claim to have tested five "hip protectors". In fact, the test protocol, did *not* include tests of hip protectors. The hip protectors were stripped and reduced to core materials only. Expandable pouches, a critical energy dispersing component in the HipSaver invention, were discarded and excluded from the tests. This material fact was secreted by Mr. Ghandi and Posey. As a consequence and in direct

contradiction of representations by Posey and Mr. Ghandi, hip protectors were *not tested*. Only the core materials of certain hip protectors were tested.

14. Posey and Mr. Ghandi intentionally misrepresented, distorted, and biased the tests to exclude critical energy dispersing components because Posey's HIPSTER product is a smaller product which cannot absorb and disperse fracture producing energy at the level of HipSaver. By excluding a critical energy absorbing component of a competing product, Posey and Mr. Ghandi were able to distort test results.

15. Posey and Mr. Ghandi falsely claim also to have included two HIPSAVER protectors among the five tested "hip protectors", one identified as HIPSAVER and another identified as "SLIMSAVER". HipSaver does not have a product under the name, "SLIMSAVER". The test protocol and Mr. Ghandi's faculty adviser have identified the so-called HIPSAVER protectors by color, "blue"; by substance, "rubber base"; and cross sectional dimension, "9mm". In fact, HIPSAVER protectors are pink/orange in color, do not include a rubber base but incorporate homogeneous foam, and have a cross sectional dimension of 12.7 mm.

16. Posey and Mr. Ghandi have intentionally and fraudulent misrepresented *what* was tested (stripped core materials rather than hip protectors); Posey has intentionally and fraudulent misrepresented the products tested (HipSaver protectors were not tested); Posey and Mr. Ghandi have intentionally, fraudulently, and falsely distorted and biased the tests; and Posey and Mr. Ghandi have intentionally, fraudulently, and falsely presented literally false test results.

to some 50,000 customers in nursing and rehabilitation facilities across the United States, including more than 100 customers in Massachusetts. The catalogs have a shelf life of one year and are referred to routinely by health care workers who purchase patient safety and security products.

25, Posey also employs a nationwide staff to distribute its "White Paper" and catalogs at trade conferences and exhibitions across the country.

26. The catalogs state falsely, "In recent tests performed at UCLA, ... Posey Hipsters outperformed all other hip protectors tested."

27. The catalogs include a completely false bar chart purporting to demonstrate the relative safety performance of HIPSTER and competing products, including the two HipSaver products which were not tested.

28. Posey's catalogs go on to proclaim falsely in large bold letters, " POSEY HIPSTERS PROVEN MOST EFFECTIVE IN ON-VITRO TESTING".

29. The catalogs proclaim falsely, " In in-vitro laboratory testing performed at UCLA, Posey Hipsters were shown effective in reducing the force of impact in simulated falls to 36% below the average fracture threshold of the proximal femur, and Posey Hipsters outperformed all other energy-absorbing foam hip protectors tested.

30. Each of the literally false advertising claims set out here is based on a fatally flawed and fraudulently manipulated test.

31. Posey completes its deception by intentionally misrepresenting Mr. Ghandi's test protocol and results as if they are the work of UCLA. In fact, UCLA does not stand behind the test protocol or results and has not authorized Posey to refer to or use the UCLA Mark in advertising.

32. Posey's misrepresentations, deception, and product disparagement are aimed at HipSaver, intended to undercut the integrity of Plaintiff's products, and directed to overwhelm HipSaver in the marketplace – all by unlawful means.

33. Posey's misrepresentations, deception, and product disparagement are particularly damaging because of the relative lack of knowledge among health care buyers. Hip protection products are relatively new; neither the biomechanics nor the relative performance of competing products has been well understood in the marketplace. Lacking a strong understanding of performance and safety, buyers are susceptible to being misled by deceptive advertising masked as pseudo science, precisely the strategy pursued by Posey.

## Causes of Action

### Count I – Violation of the Lanham Act

34. HipSaver restates and incorporates by reference all of the allegations in paragraphs 1 through 33 of the Complaint as if set for fully here.

35. Posey's construct of an intentionally and fraudulent test protocol and its distorted misrepresentations, literally false representations, statements, and product comparisons in a nationwide advertising campaign violate the Lanham Act, 15 U.S.C. §§1125(a)(B).

36. Posey's actions alleged here have been undertaken in bad faith and with the intent to misrepresent, harm, and damage HipSaver.

37. Without intervention of the trial court, HipSaver cannot counter Posey's false advertising campaign and faces immediate loss of its business.

### Count II – Violation of the Unfair or Deceptive Business Practices Act

38. HipSaver restates and incorporates by reference all of the allegations in paragraphs 1 through 37 of the Complaint as if set for fully here.

39. Posey's construct of an intentionally and fraudulent test protocol and its distorted misrepresentations, literally false representations, statements, and product comparisons in an advertising campaign directed at more than 100 Massachusetts health care facilities violate the Massachusetts Unfair or Deceptive Business Practices Act, G.L. c.93A, §§2, 11.

40. Posey's actions alleged here have been undertaken in bad faith and with the intent to misrepresent, harm, and damage HipSaver.

41. Without intervention of the trial court, HipSaver cannot counter Posey's false advertising campaign and faces immediate loss of its business.

**THEREFORE**, pursuant to 15 U.S.C. §1117 and G.L. c.93A, §11, the Plaintiff, HipSaver Company, Inc., respectfully requests the trial court to grant the following relief:

- A preliminary injunction halting all further publication, distribution, or reference to the "White Paper" or the false testing conducted by Mr. Ghandi;
- A preliminary injunction halting all further publication, distribution, or reference to the alleged superiority of Posey hip protector products

- A preliminary injunction requiring Posey to publish and pay for distribution of a corrective statement to its entire customer and marketing lists
- A preliminary injunction requiring Posey to pay for publication of corrective advertising to Posey's entire customer and marketing list.
- Judgment for HipSaver on all claims before the court
- Damages, including three times Posey's Profits to be awarded to HipSaver
- Interest, costs and attorney fees
- A permanent injunction; and
- Such further relief as the trial court deems just and proper.
- 

## JURY DEMAND

**Plaintiff HipSaver Company, Inc. requests a jury for all issues so triable.**

HIPSAVER COMPANY, INC.
By its Attorneys,

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: 6.10.04
02820/00501  309384.4

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) The Hipsaver Company, Inc. v. J. T. Posey Company

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, (890), 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04-11294 PBS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?     YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐   NO ☐     OR WESTERN SECTION: YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Edward J. Dailey                    BBO# 112220
ADDRESS            Bromberg & Sunstein LLP, 125 Summer St., Boston, MA  02110
TELEPHONE NO.      617-443-9292

(Categfrm.rev - 3/97)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Hipsaver Company, Inc.

**DEFENDANTS**
J. T. Posey Company

2004 JUN 10 P 3:10

(b) County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
U.S. DISTRICT COURT
DISTRICT OF MASS.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer St., Boston, MA  02110
617-443-9292

Attorneys (If Known)
**04-11294 PBS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
|  |  | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIW C/DIW W (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 864 SSID Title XVI |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property |  | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation |  |
|  |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 |
|  |  | ☐ 555 Prison Condition |  | ☐ 950 Constitutionality of State Statutes |
|  |  |  |  | ☒ 890 Other Statutory Actions |
|  |  |  |  | 15 USC Sec. 1125 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Sections 1125, 1117 and G.L.c. 93A, Sections 2, 11 - bad faith, fraudulent misrepresentation, literally false comparative advertising

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
*E. Dailey*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____