## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. No. 04-11294-PBS

|  |  |
|---|---|
| ——————————————— | ) |
| HIPSAVER COMPANY, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| J.T. POSEY COMPANY, | ) |
|  | ) |
| Defendant. | ) |
| ——————————————— | ) |

**MOTION OF DEFENDANT J.T. POSEY COMPANY FOR AN ORDER:
(1)PERMITTING EXPEDITED DISCOVERY;
(2)EXTENDING TIME TO FILE OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION;
(3) CONTINUING THE HEARING ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

## I.    RELIEF REQUESTED

Pursuant to Rules 6 and 34 of the Federal Rules of Civil Procedure, and Massachusetts

Local Rule 7.1, Defendant J.T. Posey ("Posey"), and due to the complexity of this case, the

unavailability of Posey's lead counsel, and the inability of counsel to reach an agreement, Posey

requests this Court for the following with regard to Plaintiff The HipSaver Company, Inc.'s

("HipSaver") Motion For A Preliminary Injunction ("Motion") :

1.    Expedited discovery:

   a.    Permission of the Court for either party (pursuant to subpoena) to depose

   Bimal P. Gandhi ("Mr. Gandhi"); and

   b.    HipSaver shall make its two declarants, Edward L. Goodwin ("Mr.

   Goodwin") and Wilson C. Hayes, Ph.D. ("Professor Hayes"), available for

   deposition, such depositions being limited to issues relevant to the Motion,

   at least five (5) business days in advance of the date Posey is required to

   file and serve its opposition to the Motion.

2.    Modification of the briefing schedule:

    a.    Posey's opposition to the Motion currently due on July 15, 2004 shall

instead be due two (2) weeks prior to the hearing date.

    b.    HipSaver's reply papers, if any, be filed and served on the date that is one

(1) week prior to the hearing date.

3.    Continue the hearing on HipSaver's Motion from August 4, 2004 until a date on

or after August 18, 2004.

4.    If the requested relief is not granted prior to July 15, 2004, the date that Posey's

Opposition to the Motion is due, then Posey requests the Court permit Posey to file supplemental

opposition papers to the Motion.

## II.    FACTUAL BACKGROUND

HipSaver's Motion accuses Posey of false advertising and knocking off HipSaver's

products.  These attacks on Posey are not new.  As early as February 18, 2003, Mr. Goodwin

accused Posey of "knocking off" HipSaver's hip protectors, while at the same time, explicitly

acknowledged that Posey's hip protector does not infringe his patent, U.S. Patent No. 6,519,780

entitled "Air-Holding Protective Foam Pad."[1]   Mr. Goodwin also sent Posey a letter pertaining

to Posey's advertising on March 18, 2004.[2]  However, HipSaver's Complaint was not filed until

June 10, 2004, sixteen months after the "knock-off" accusations and four months after the false

advertising accusations.  HipSaver's Motion, and accompanying papers, were served on Posey

on June 17, 2004.

    **A.    HipSaver's Allegations in its Motion Necessitate Expedited Discovery and
More Time For Posey to File Opposition Papers**

---

[1]  *See* Exhibit A, attached to Declaration of William J. Brutocao ("Brutocao Decl.") at ¶ 3.

[2]  *See* Exhibit B, attached to Brutocao Decl. at ¶ 4.

HipSaver's allegations in its Motion are directed to Posey's advertising for its hip

protector, the "Hipster."[3]   Posey's Hipster advertising is based on a study conducted by Mr.

Gandhi while in the graduate program of the Department of Biomedical Engineering at

University of California at Los Angeles ("UCLA"), under the direction of Vijay Gupta Ph.D.

("Dr. Gupta").[4]   Mr. Gandhi's thesis published in August 2003, titled "Transient Dynamic

Response in a Surrogate Hip Model During a Simulated Lateral Fall" (the "Thesis"), is directed

to analyzing and comparing the material composition and mechanical properties of various hip

protectors, including Posey's and HipSaver's hip protectors.[5]   Among other things, Mr. Gandhi

found "[o]f all the LDPE and polyurethane foams, the Posey Hipster attenuated the most amount

of force (61.9%) when compared to the control," and "the Hipsaver hip protector was statistically

worse than the other devices."[6]

    While completing his Thesis, Mr. Gandhi also prepared a "White Paper," which presents

facts pertaining to hip fractures and hip protectors and Mr. Gandhi's research results.[7]

HipSaver's complaints in its Motion are primarily directed to Posey's distribution of this White

Paper, in addition to Posey's advertising in its catalogs reporting the results of Mr. Gandhi's

study.[8]   Specifically HipSaver alleges: (1) Posey's advertising and White Paper based on Mr.

Gandhi's testing of the hip protectors are "literally false," (2) Mr. Gandhi's test is "entirely

unreliable, fundamentally flawed, and fraudulently presented," (3) Posey and Mr. Gandhi

---

[3]  *See* Memorandum Of Law In Support Of Plaintiff's Motion For A Preliminary
Injunction ("Memo").

[4]  *See* Memo at pages 4-5; Exhibits 4, 5 and 7 to Motion.

[5]  *See* Exhibit 7 to Motion.

[6]  *See* Exhibit 7 to Motion at pages 69 and 73.

[7]  *See* Exhibit 6 to Motion.

[8]  *See* Memo at page 5.

manipulated test results, and (4) Posey's advertising has caused HipSaver irreparable harm.[9]

However, there is no ongoing distribution of the White Paper and catalogs.[10]

In support of the Motion, HipSaver filed the affidavit of its owner, Mr. Goodwin to establish probable success on the merits and irreparable harm, and report of a Professor Hayes who leveled several attacks on the validity of the experimentation performed and papers authored by Mr. Gandhi.

In opposition to the Motion, Posey intends to submit evidence pertaining to these statements and others, which are critical to whether HipSaver will prevail on the merits of the case, and whether HipSaver is suffering irreparable harm. To be able to oppose the Motion, Posey needs the opportunity to depose the three principal witnesses, Professor Hayes, Mr. Goodwin, and Mr. Gandhi.

### B.      The Parties' Counsel Are Unable to Reach an Agreement

In discussions between the parties' counsel, Posey requested to take the depositions of Mr. Goodwin and Professor Hayes.[11] Edward J. Dailey ("Mr. Dailey"), HipSaver's counsel, would only agree if Posey agreed to do that which it cannot promise to do, namely, "produce" Mr. Gandhi for deposition.[12] Posey cannot promise to make Mr. Gandhi available for deposition because he is an independent third party witness, and thus, outside the control of Posey. In fact, Posey wants to depose Mr. Gandhi.

---

[9]  *See* Motion and Memo.

[10]  *See* Declaration of Ernest M. Posey ("Posey Decl.").

[11]  *See* Brutocao Decl. at ¶¶ 5, 7, and 9; Exhibits C and F, attached to Brutocao Decl. at ¶¶ 5 and 9.

[12]  *See* Brutocao Decl. at ¶¶ 6, 7, 8, and 10; Exhibits D, E, and G, attached to Brutocao Decl. at ¶¶ 6, 8 and 10.

Moreover, Mr. Dailey recently imposed an additional condition that numerous documents in the possession of Mr. Gandhi, Dr. Gupta, and/or UCLA be produced by Posey. As with the requested deposition of Mr. Gandhi, Posey has no control over documents in the custody and control of these third parties.

### C.    Posey's Lead Counsel is Unavailable For the Hearing of the Motion

Posey further requests the hearing to be extended due to absence of lead counsel on the hearing date. Jeffrey G. Sheldon, Esq. ("Mr. Sheldon"), counsel for Posey for three years, is unable to attend the hearing currently scheduled for August 4, 2004.[13]

About six months ago, Mr. Sheldon scheduled an overseas vacation from July 24 to August 8, 2004, which includes a visit with a foreign exchange student previously living with Mr. Sheldon, followed by a cruise in the Baltic region of Europe.[14] The majority of the vacation expenses have already been paid, and Mr. Sheldon does not have cancellation insurance.[15]

## II.    LEGAL ARGUMENT

In view of the Federal Rules of Civil Procedure and supporting federal case law, Posey has good cause for expedited discovery, an extension of time for filing its opposing papers, and a delay of the hearing date.

### A.    Good Cause Exists For Expedited Discovery

Federal Rule of Civil Procedure 34(b) expressly provides that courts may expedite discovery. The court may alter the timing, sequence, and volume of discovery if the party seeking expedited discovery shows good cause for the requested departure from usual discovery procedures. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-614

---

[13]  *See* Declaration of Jeffrey G. Sheldon ("Sheldon Decl.") at ¶ 2, attached hereto.

[14]  *See* Sheldon Decl. at ¶ 4.

[15]  *See id.*

(D. Ariz. 2001) (party may secure discovery before the case-management conference by court order); *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Courts have wide discretion with respect to discovery").

Expedited discovery is frequently allowed to oppose a motion for preliminary injunction. *See New England Legal Foundation v. Massachusetts Port*, 883 F.2d 157, 161 (1st Cir. 1989) (court established expedited discovery schedule before preliminary injunctive hearing); *Auburn News Co., Inc. v. Providence Journal Co.*, 659 F.2d 273, (1st Cir. 1981) (discovery was expedited prior to preliminary injunction hearing); *In re WebSecure, Inc. Securities Litigation*, 997 WL 770414 (D. Mass. 1997) (finding that expedited discovery was "necessary to prevent undue prejudice"); *Energetics Systems Corp. v. Advanced Cerametrics, Inc.*, 1996 WL 130991, *2 (E.D. Pa. 1996).

Here, Posey is seeking limited discovery to obtain evidence with respect to the issues bearing directly on HipSaver's arguments in support of its Motion for injunctive relief. Expedited discovery is necessary to prevent undue prejudice to Posey, given that several statements made in support of the Motion are unsupported and/or are hearsay, including:

1. "I learned that Posey had retained one of Professor Gupta's graduate engineering students at UCLA..." (Goodwin's Affidavit at ¶ 10).

2. "Posey and Mr. Ghandi intentionally misrepresented, distorted, and biased the tests to exclude critical energy dispersing components because Posey's HIPSTER is a smaller product which cannot absorb and disperse fracture producing energy at the level of HipSaver." (Memo at page 5).

3. ..."only stripped core materials were tested." (Goodwin's Affidavit at ¶ 19).

4. ..."at least one major purchaser, has declined to consider HipSaver further, expressly opting for Posey's HIPSTER." (Goodwin's Affidavit at ¶ 25).

Posey also needs to depose Professor Hayes to discover his logic in his criticism of Mr. Gandhi's study, whether he has conducted his own tests of the products, and if not, what methodology he advocates for testing the products, and would the results differ with a different

methodology.  Thus, depositions from Mr. Goodwin, Professor Hayes, and Mr. Gandhi are

necessary to refute Mr. Goodwin and Professor Hayes' conclusions and speculation.

>    **B.    Good Cause Exists for Modifying the Briefing Schedule and Continuance of the Hearing**

Federal Rules of Civil Procedure 6(b) provides a court may enlarge a period of time upon

motion "for cause shown."  There is good cause for modifying the schedule in this case.  In

addition to deposing critical witnesses, Posey needs this time to receive its own expert witness'

analysis of Mr. Gandhi's tests and obtain evidence relating to the critical issues stated in the

Motion.  But even if the Court refuses to extend the deadlines for Posey's opposing papers,

Posey urges the Court to continue the hearing date because lead counsel will be out of the

country during the time of the hearing on a vacation planned six months ago.[16]

HipSaver is not prejudiced by this short extension of time.  Posey is requesting the

rescheduled hearing date to be only two weeks after the original hearing date.  Two weeks is

minimal, considering Mr. Goodwin accused Posey of "knocking off" HipSaver's hip protectors

in February 2003 and sent Posey a letter accusing Posey of false advertising in March 2004, but

waited until June 10, 2004 to file a Complaint.[17]  Moreover, there is no ongoing distribution of

White Paper and catalog.[18]

For the foregoing reasons, Defendant Posey respectfully requests that its Motion be
granted.   A Proposed Order is submitted herewith under separate cover.

---

[16]  *See* Sheldon Decl. at ¶¶ 2-5.

[17]  *See* Exhibits A and B, attached to Brutocao Decl.

[18]  *See* Posey Decl.

Dated: 9th day of July, 2004

                        J.T. POSEY COMPANY
                        By its attorneys,


                        _____s/Anthony J. Fitzpatrick_____
                        Anthony J. Fitzpatrick (BBO # 564324)
                        Eric B. Goldberg (BBO # 564398)
                        DUANE MORRIS LLP
                        470 Atlantic Avenue, Suite 500
                        Boston, MA 02210
                        (617) 289-9200

                        and

                        Jeffrey G. Sheldon
                        William J. Brutocao
                        Shannon S. Sheldon
                        SHELDON & MAK, PC
                        225 South Lake Avenue, 9th Floor
                        Pasadena, California 91101
                        (626) 796-4000


**CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 7.1**

      I hereby certify pursuant to Local Rule 7.1 that counsel for the defendant conferred with counsel for the plaintiff on numerous occasions, as detailed in the Declaration of William J. Brutocao, concerning the resolution of the issues presented herein.

                        ___s/Anthony J. Fitzpatrick____
                        Anthony J. Fitzpatrick


**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on July 9, 2004.

                        ___s/Anthony J. Fitzpatrick_____
                        Anthony J. Fitzpatrick