# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. No. 04-11294-PBS

|  |  |
|---|---|
| HIPSAVER COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF WILLIAM J. BRUTOCAO

I, William J. Brutocao, declare:

1.      I am a member of the firm of Sheldon & Mak, admitted to practice law in the State of California, and have been admitted or requested to be admitted pro hac vice in this matter.

2.      I submit this declaration in support of the motion of Defendant J.T. Posey Company ("Posey") for expedited discovery and to continue the hearing date for Plaintiff The HipSaver Company's ("HipSaver") for preliminary injunction.

3.      In an email dated February 18, 2003 from Edward L. Goodwin ("Mr. Goodwin") to Anthony (Tony) Vella, a former associate at Sheldon & Mak, Mr. Goodwin accused Posey of copying HipSaver's product, but acknowledged HipSaver's "first patent" (U.S. Patent No.6,519,780) does not cover Posey's hip protector. A true and correct copy of the email is attached hereto as Exhibit A.

4.      Mr. Goodwin also sent Posey a letter dated March 18, 2003. A true and correct copy of the letter is attached hereto as Exhibit B.

WJBDecl070704.wpd

5.     I have had several telephone conversations and exchanges of correspondence with Edward J. Dailey ("Mr. Dailey"), counsel for HipSaver, with respect to Posey's requests for expedited discovery and to continue the hearing date. I wrote to Mr. Dailey on June 28, 2004 advising him that (1) Posey's lead counsel, Jeffrey G. Sheldon would be out of the country between July 24 and August 8, and asking whether he would consent to a short continuance of the hearing on the preliminary injunction to a date after Mr. Sheldon's return, and (2) Posey requested limited discovery in the form of limited document production and the depositions of the two witnesses who provided support for HipSaver's preliminary injunction motion, namely Mr. Goodwin and Wilson C. Hayes, Ph.D. ("Professor Hayes"). A true and correct copy of my letter dated June 28, 2004 to Mr. Dailey is attached hereto as Exhibit C.

6.     On June 29, 2004, I received a responding letter from Mr. Dailey wherein he proposed that Posey could take the deposition of Professor Hayes on condition that Posey produce Bimal P. Gandhi ("Mr. Gandhi") for deposition and that Mr. Gandhi's deposition be taken first. A true and correct copy of Mr. Dailey's letter to me dated June 29, 2004 is attached hereto as Exhibit D.

7.     I spoke with Mr. Dailey on this subject on Wednesday, June 30, 2004. During that telephone conversation, I reiterated Posey's request to depose both Mr. Goodwin and Professor Hayes. I also offered that HipSaver could have reciprocal discovery in the form of documents produced by Posey and depositions of one or more Posey employees. Mr. Dailey stated that he wanted documents from Mr. Gandhi and the deposition of Mr. Gandhi, but that he did not desire any documents from Posey or depositions of any Posey employees. I stated that Mr. Gandhi is an independent third party and that neither my law firm nor Posey had the power to produce Mr. Gandhi for deposition, but that I would see if Mr. Gandhi would agree to be

deposed. During that conversation Mr. Dailey and I agreed that the issue of depositions would

be separate and independent of the issue of document production and he indicated that he would

send me a letter identifying the documents he wanted produced.

8.      Later on June 30, 2004, I received a letter from Mr. Dailey listing the documents

he wanted to be produced. A true and correct copy of that letter is attached hereto as Exhibit E.

The list of documents that Mr. Dailey requested is extensive, and most of the documents

requested are not in the custody or control of Posey, but are instead in the possession, custody or

control of Mr. Gandhi, and/or Dr. Vijay Gupta, and or UCLA. Neither my law firm nor Posey

has any power to have documents produced by these third parties.

9.      On Friday July 2, 2004 I wrote to Mr. Dailey advising that in light of the

extensive list of documents that he wanted, we withdrew our request for documents. I stated that

we had not succeeded in obtaining the consent of Mr. Gandhi to be deposed and that a subpoena

would likely be required for his deposition. I reiterated our request to depose Mr. Goodwin and

Professor Hayes. A true and correct copy of my letter to Mr. Dailey dated July 2, 2004 is

attached hereto as Exhibit F.

10.      On July 7, 2004 at approximately 2:30 p.m. Eastern time I spoke with Mr. Dailey

on this subject. I reiterated our request for a short continuance of the hearing. Mr. Dailey said

HipSaver would not agree to any continuance. I stated that we have no objection to the

deposition of Mr. Gandhi, but that a subpoena would be needed. I stated further that we would

provide Mr. Gandhi's address and we would cooperate with HipSaver with respect to obtaining

Mr. Gandhi's deposition. Mr. Dailey said he would discuss the issue of depositions with his

client and call me later in the day. Not having received a return call by 5:00 p.m. Eastern time, I

placed a call to Mr. Dailey asking that he contact me. A little while later I received an email from Mr. Dailey stating:

> "I have not reached Mr. Goodwin today. Although I cannot yet speak for Mr. Goodwin, Our agreement to mutual discovery will turn on your ability to make Mr. Ghandi available. We cannot be in a position to chase him between now and the injunction hearing. Our agreement to produce Dr. Hayes will turn on your agreement to provide the documents I've requested. The reason for this is that our expert needs access to actual test documents, protocols, data, etc."

A true and correct copy of the email I received from Mr. Dailey is attached hereto as Exhibit G.

11.     This was the first time that Mr. Dailey added as a condition to our being able to depose Professor Hayes that numerous documents would have to be produced in addition to the deposition of Mr. Gandhi being taken. I immediately replied via email to Mr. Dailey advising that since no agreement had been reached between counsel we would be making the within motion. A true and correct copy of my reply email is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___8th___ day of July, 2004 at Pasadena, California.

William J. Brutocao

**EXHIBIT "A"**

>>> "Ed Goodwin" <EdGoodwin@hipsaver.com> 02/18/03 03:39AM >>>
Greetings Mr Vella,

As we promised, here is notification of our first patent issue. It would
have covered the product that your client, Posey Co.,
originally copied in 2001. However, we see that your client now uses an
attachment of the internal pad to the outer envelope. That structural

element in all its possible variations in claimed in another still
pending patent of The HipSaver
Co., Inc. We will therefore wait for the issue of this patent before
beginning the infringement action. As in this case, you will be promptly
notified.

product?  My guess is no: that would not be good for sales!

Ed Goodwin
President
HipSaver, Inc.
Toll Free in US: 1-800-358-4477
International: 1-781-828-3880
Fax: 781-821-6514

Mailing Address:
7 Hubbard Street
Canton, MA 02021

**EXHIBIT "B"**



**HipSaver, Inc.**
7 Hubbard Street
Canton, MA 02021

Ph: 1.800.358.4477 (toll free in US)
781.828.3880
Fax: 781.821.6514
www.hipsaver.com
email: hipsavers@msn.com

Ernest Posey, President; John Frymark, Vice president of Marketing;
Gary Platzman, Vice President of Sales; Victoria Lewis, Hipster Product Manager
Posey Company
5635 Peck Rd.
Arcadia, CA 91006
March 18, 2004

Greetings,

We have investigated the "white paper" and the thesis resulting from your sponsored biomechanical test at
the UCLA graduate school in 2003. We have been in communication with the supervising professor, Vijay
Gupta, and his masters level student, study author, Bimal Gandhi.

Your company has made advertising copy based upon this "white paper" and distributes the paper as
product validation material. We are asking you to immediately stop doing this for the following reasons:

The "white paper" is not true in its conclusions. In the actual test, Safehip performed most effectively in
reducing impact forces, not the Posey Hipster. However, as the thesis reports this distinction is not
statistically significant. Therefore, it would be boldly false and misleading to represent the Posey Hipster as
having "outperformed" or performed in a superior fashion to all other hip protectors tested at UCLA, as
represented in your catalog.

Equally important, we have been informed, that there was no encapsulated pad tested, yet the report lists
the product of our trademark:HipSaver®. This is totally impossible as the branded product that we offer on
the market as HipSaver has an airtight envelope encapsulating the foam. Therefore, to use the name
HipSaver in connection with this test would constitute product disparagement and false advertising.

There are other improprieties with the specimen custody, specimen preparation, specimen identification,
test, reports, and advertising representations which we are still investigating.

In the future you might consider a peer reviewed protocol from university staff and not the project of a
student to add validation to your product credentials. But, for the present moment you should come to the
realization that the white paper and your resulting advertising is misleading, false, and damaging the image
of my product, HipSaver, in the marketplace. And you should stop the dissemination of any reference to the
"UCLA" test. Furthermore you should conduct corrective advertising by a mass mailing and an internet
posting, informing your customers that the test and its resulting advertising is false and misleading.

As a commercial enterprise, it is your legal responsibility to insure the correctness and truthfulness of your
advertising. A report from an inexperienced graduate student at UCLA does not exempt you from due
diligence of the factual basis in the advertising copy promoting your products. If there is no person at Posey
who can understand the full message I am conveying, I would suggest that you consult your lawyer.

Ed Goodwin, President.          UPS Track#s_____

**EXHIBIT "C"**

**SHELDON & MAK**
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101
FACSIMILE: (626) 795-6321
HOME PAGE: www.usip.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
EDWARD C. SCHEWE
KRISTIN C. HIBNER, PH.D.
MARC A. KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

June 28, 2004

_Via Facsimile 617.443.0004 and U.S. Mail_

Edward J. Dailey
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110-1618

Re:    _J.T. Posey Company adv. The HipSaver Company_
Civil Action No. 04-11294 PBS
Sheldon & Mak File No. 15297.24

Dear Mr. Dailey:

Sheldon & Mak is counsel for J.T. Posey Company ("Posey"). We have reviewed the claims asserted by The HipSaver Company ("HipSaver") in the complaint and your motion for preliminary injunction.

We are in the process of investigating the issues raised by HipSaver. Preliminarily, Posey denies the substantive allegations asserted by HipSaver, and the bases of Posey's denials will be articulated in due course.

With respect to the mechanics of our responding to the motion for preliminary injunction, there are a couple of matters we would like to discuss with you.

First, Jeffrey G. Sheldon is Posey's primary counsel. Mr. Sheldon has a longstanding European vacation coming up. He will be out of the country for two weeks from July 24 through August 8. We realize that the August 4 date for the hearing on the preliminary injunction was selected by the court and not by you. We would like to request that the date be continued to a reasonable date after August 8 so that Mr. Sheldon could attend. Would you consent to such a request?

Second, with respect to the substance of the preliminary injunction motion, in order for us to frame an appropriate response, we request limited discovery be undertaken in the form of document production and depositions of Mr. Goodwin and Dr. Hayes. Would you consent to such limited discovery?

J:\POSEY\15297.24 HipSaver\Letter\06 Letter to Dailey.wpd

Edward J. Dailey
June 28, 2004
Page 2


I would appreciate a telephone call tomorrow afternoon, July 29, 2004 to discuss these matters. I will be out of the office tomorrow morning California time and so I request that we converse on these issues in the afternoon California time.

Thank you for your anticipated courtesy and cooperation.


Sincerely yours,

SHELDON & MAK
A Professional Corporation


By _____
William J. Brutocao


WJB\cs
cc:    Client
       Tony Fitzpatrick

MESSAGE CONFIRMATION                    JUN-28-2004 04:39 PM MON

```
                              FAX NUMBER    :   626 795 6321
                              NAME          :   SHELDON AND MAK
```

```
NAME/NUMBER       :   1255#55*55#16174430004
PAGE              :   3
START TIME        :   JUN-28-2004 04:39PM MON
ELAPSED TIME      :   00'24"
MODE              :   STD ECM
RESULTS           :     [ O.K ]
```

---

# SHELDON & MAK
### A PROFESSIONAL CORPORATION

225 South Lake Avenue, 9th Floor
Pasadena, California 91101
Facsimile: (626) 795-6321
Reception: (626) 796-4000
www.usip.com

## FACSIMILE TRANSMITTAL SHEET

DATE/TIME: **June 28, 2004 (4:36PM)**

TOTAL NUMBER OF PAGES INCLUDING FAX COVER SHEET: _3_
If all of the pages are not received, call **Cassandra Scardino** at (626) 796-4000 ext. **348**

TO:

| | |
|---|---|
| NAME | Edward J. Dailey |
| COMPANY | Bromberg & Sunstein |
| PHONE NO. | |
| FAX NO. | 617.443.0004 |
| YOUR REFERENCE NO. | *HipSaver Co. v. J.T. Posey Company* |

FROM:

| | |
|---|---|
| NAME | William J. Brutocao |
| PHONE NO. | (626) 796-4000 |
| E-MAIL ADDRESS | |
| OUR REFERENCE NO. | 15297.21 |

MESSAGE:

**CONFIDENTIALITY NOTICE:** The documents accompanying this facsimile transmission contain privileged and confidential information. Do not disclose or discuss this information with anyone other than those identified above. Unauthorized disclosure is strictly prohibited. If you receive this facsimile in error, please notify us by telephone immediately.

**EXHIBIT "D"**

125 SUMMER STREET BOSTON MA 02110-1618

T 617 443 9292 F 617 443 0004 WWW.BROMSUN.COM

BROMBERG ⋆ SUNSTEIN LLP

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

June 29, 2004

**By fax**

William J. Brutocao, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California 91101

Re    *The HipSaver Company, Inc. v J.T. Posey Company*
      Our File    02820 / 00501

Dear Mr. Brutocao:

Thank you for your letter of June 28th.

As you know, we have already accommodated your client by extending the date for
responsive pleading. Inasmuch as this is a matter of ongoing harm to the Plaintiff, we cannot
agree to extend the date for the preliminary injunction hearing. However, I certainly will
agree to advance the date for the hearing to a date prior to Mr. Sheldon's vacation. However,
scheduling is entirely within the control of the court, and I am aware that Judge Saris has a
full docket.

If the preliminary injunction hearing is advanced to the week of July 19th, we will require
your agreement to provide responsive pleading by July 12th.

With respect to preliminary discovery and in the event that the hearing date of August 4
holds, I will agree to limited discovery of Dr. Hayes provided you produce Mr. Ghandi for
reciprocal, limited discovery. I suggest one round of defined document discovery, followed
by one deposition not to exceed three hours for each witness, Mr. Ghandi to be deposed first.
Defined document discovery will require prior agreement by counsel to the documents to be
requested and produced – so to avoid after the fact disputes about the requests and responses.

ATTORNEYS AT LAW

Page 2

I'll be pleased to discuss this at your convenience.

Best regards,

Edward J.Dailey

EJD

xc:  Anthony J. Fitzpatrick, Esq. (by pdf)
02821V/00501  319830.1

**EXHIBIT "E"**

125 SUMMER STREET   BOSTON MA 02110-1618

T 617 443 9292   F 617 443 0004   WWW.BROMSUN.COM

# BROMBERG & SUNSTEIN LLP

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

June 30, 2004

**By pdf**

William J. Brutocao, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Re   *The HipSaver Company, Inc. v J.T. Posey Company*
     Our File     02820 / 00501

Dear Mr. Brutocao:

Following up on our earlier discussion, I am enclosing a statement of the documents we seek from or through Mr. Ghandi.

I'll be pleased to discuss this further at your convenience.

Best regards,

Edward J. Dailey

EJD

xc:  Anthony J. Fitzpatrick, Esq. (by pdf)

02820/00501  319830.2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-11294PBS

**Documents and Things to be Produced**
**With Respect to a Study and Analysis Conducted by Bimal Ghandi under the**
**Direction of Professor Vijay Gupta**

1.    With respect to any substantive, procedural, programmatic, financial, or
educational matter related in any manner to Bimal Ghandi's study and analysis of
"Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral
Fall" (2003), please produce the following:

   a) all electronic mail messages to or from (individually or as part of a group) Bimal
      Ghandi, Vijay Gupta, Ernest M. Posey, Victoria Lewis, J.T. Posey Company or
      anyone associated with that company, Edward L. Goodwin, the HipSaver
      Company, Inc. or anyone associated with that company;

   b) all correspondence to or from Bimal Ghandi, Vijay Gupta, Ernest M. Posey,
      Victoria Lewis, J.T. Posey Company or anyone associated with that company,
      Edward L. Goodwin, the HipSaver Company, Inc. or anyone associated with that
      company;

   c) all drafts of Mr. Ghandi's thesis related to his study of "Transient Dynamic
      Response in a Surrogate Hip Model During a Simulated Lateral Fall";

   d) all faculty evaluations or peer reviews of Mr. Ghandi's thesis related to his study
      of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated
      Lateral Fall";

   e) Mr. Ghandi's thesis related to his study of "Transient Dynamic Response in a
      Surrogate Hip Model During a Simulated Lateral Fall";

1

f) All documents of any sort which disclose, refer, or relate to any direct or indirect financial support (such as support for Professor Gupta, his department, or UCLA) for or grant support of Mr. Ghandi's study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003) or Mr. Ghandi's work related to a so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

g) All documents soliciting, requesting, or suggesting that Mr. Ghandi prepare, draft, or otherwise certify a so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

h) All documents setting out or referring to goals and objectives for Mr. Ghandi's so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

i) All drafts of Mr. Ghandi's so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

j) Mr. Ghandi's so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

k) All lab notes related in any manner to Mr. Ghandi's study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

l) All photographs associated with or documenting Mr. Ghandi's study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

m) All documents referring or related to Mr. Ghandi's acquisition of any hip protector used in his study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

n) All certificates of origin or other documents identifying the hip protectors used in Mr. Ghandi's study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

o) All documents demonstrating Mr. Ghandi's verification of the identity of hip protectors tested in his study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

p) All documents demonstrating that Mr. Ghandi established and maintained a chain of custody of the hip protectors used in his study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

q) All hip protectors tested in Mr. Ghandi's study and analysis of "Transient Dynamic Response in a Surrogate Hip Model During a Simulated Lateral Fall" (2003);

r) All documents related to any authorizations from the University of California Los Angeles to use its UCLA trademarks in association with Mr. Ghandi's so-called "white paper" entitled, "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (August 2003);

s) All documents related to any employment, consulting, or honorarium agreements or arrangements between J.T. Posey Company or anyone acting on its behalf and Professor Vijay Gupta or Bimal Ghandi or UCLA.

02820/00501  318223.2

3

**EXHIBIT "F"**

**SHELDON & MAK**
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101
FACSIMILE: (626) 795-6321
HOME PAGE: www.uslp.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
EDWARD C. SCHEWE
KRISTIN C. HIBNER, PH.D.
MARC A. KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

July 2, 2004

Edward J. Dailey
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts  02110-1618

*Via Facsimile 617.443.0004
and U.S. Mail*

Re:    **J.T. Posey Company adv. The HipSaver Company
       Civil Action No. 04-11294 PBS
       Sheldon & Mak Matter No. 15297.24**

Dear Mr. Dailey:

We have considered your position and suggestions regarding our request for limited discovery pertaining to your motion for preliminary injunction. In our conversation on Wednesday we agreed that the issue of depositions would be separate from the issue of document production.

With respect to documents, your position is that document production should be reciprocal, and you provided a list of documents you would like to have produced. Your list requests numerous documents that presumably are in the custody or control of UCLA and/or Professor Vijay Gupta and/or Bimal Gandhi. In addition, your list of documents is quite broad. Given the briefing schedule for the motion, the breadth of documents you have identified and the fact that most of the documents you request are in the custody or control of third parties, we have decided not to pursue document production at this time.

With respect to depositions, we still desire to take the deposition of Ed Goodwin and Professor Hayes. You have offered the deposition of Professor Hayes on condition that you be allowed to take the deposition of Bimal Gandhi. Since Wednesday I have communicated with Mr. Gandhi in an effort to obtain his agreement to appear for a deposition. I had hoped to have a definitive response from him in time to discuss any issues regarding his deposition with you this week. Unfortunately, I have not succeeded in obtaining his agreement to appear voluntarily for a deposition. I placed a call to your office today to discuss this situation, but was informed that you are not in the office today.

We have no objection to your taking Mr. Gandhi's deposition, but Mr. Gandhi is an independent third party. I believe that a deposition subpoena will be necessary to obtain his deposition. Mr. Gandhi lives in San Diego. Therefore, if you want to have him subpoenaed for deposition in the San Diego area, I believe that under FRCP 45(a)(2) a subpoena should issue from the Southern District of California.

Meanwhile, as noted above, we desire the depositions of both Mr. Goodwin and Professor Hayes. Mr. Goodwin submitted an affidavit in support of your motion, and we believe it is entirely appropriate for us to depose him in connection therewith.

*J:\POSEY\15297.24 HipSaver\Letter\09 Letter to Dailey.wpd*

SHELDON & MAK PC
Letter to Edward J. Dailey
Bromberg & Sunstein LLP
July 2, 2004
Page 2

With respect to the hearing date, we will request an adjournment for a brief time after August 4 so as to allow for Mr. Sheldon to attend the hearing. The time constraints make the logistics of completing depositions and filing briefs difficult for both sides.

I suggest the we converse on Tuesday to discuss these and other matters.

Thank you for your anticipated courtesy and cooperation.

Sincerely yours,

SHELDON & MAK
A Professional Corporation

By_____
William J. Brutocao

WJB\tlc
cc: Client
    Tony Fitzpatrick

**EXHIBIT "G"**

**From:**      "Edward Dailey" <Edailey@bromsun.com>
**To:**        "William Brutocao" <wjb@usip.com>
**Date:**      7/7/04 3:03PM
**Subject:**   The HipSaver Company, Inc. v J.T. Posey Company

Bill,

  I have not reached Mr. Goodwin today.   Although I cannot yet speak
for Mr. Goodwin, Our agreement to mutual discovery will turn on your
ability to make Mr. Ghandi available.  We cannot be in a position to
chase him between now and the injunction hearing. Our agreement to
produce Dr. Hayes will turn on your agreement to provide the documents
I've requested.  The reason for this is that our expert needs access to
actual test documents, protocols, data, etc.

  /Ed

Ed Dailey
BROMBERG SUNSTEIN  LLP
Intellectual Property Business Litigation
125 Summer Street
Boston  02110-1618
Tel: 617.443.9292
Cell: 617.852.7110
Fax: 617.443.0004
e-mail: edailey@bromsun.com


This message is intended only for the addressee(s), and may contain
information that is privileged and confidential.  If the recipient of
this message is not an addressee, please notify us immediately by
telephone.

**EXHIBIT "H"**

**From:**      William Brutocao
**To:**        "Edailey@bromsun.com".GWIA.SM
**Date:**      7/7/04 3:26PM
**Subject:**   Re: The HipSaver Company, Inc. v J.T. Posey Company

Ed,

  Because it appears that we do not have an agreement on this matter, we will file a motion with the court tomorrow or the next day requesting the court 1. to require the depositions of Mr. Goodwin and Professor Hayes to occur (and allowing for the deposition of Mr. Gandhi pursuant to subpoena);
2. to continue the hearing to a date selected by the court on or after August 18;
3. to extend the date for opposition papers to be due 2 weeks prior to a continued hearing date, and to allow a reply from you one week prior to a the hearing date.

  As I stated we will cooperate with you in having Mr. Gandhi subpoenaed for deposition.
  Last week you agreed that the issue of depositions would be separate from documents. Now you appear to have linked them.

"This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately via email at wjb@usip.com or by telephone at (626) 796-4000.  Thank you."

>>> "Edward Dailey" <Edailey@bromsun.com> 07/07/04 02:59PM >>>
Bill,

  I have not reached Mr. Goodwin today.   Although I cannot yet speak
for Mr. Goodwin, Our agreement to mutual discovery will turn on your
ability to make Mr. Ghandi available.  We cannot be in a position to
chase him between now and the injunction hearing.  Our agreement to
produce Dr. Hayes will turn on your agreement to provide the documents
I've requested.  The reason for this is that our expert needs access to
actual test documents, protocols, data, etc.

  /Ed

Ed Dailey
BROMBERG SUNSTEIN  LLP
Intellectual Property Business Litigation
125 Summer Street
Boston  02110-1618
Tel: 617.443.9292
Cell: 617.852.7110
Fax: 617.443.0004
e-mail: edailey@bromsun.com


This message is intended only for the addressee(s), and may contain
information that is privileged and confidential.  If the recipient of
this message is not an addressee, please notify us immediately by
telephone.