# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
|        Plaintiff, | ) |
| v. | ) |
| J.T Posey Company, | ) |
|        Defendant | ) |

**PLAINTIFF'S OPPOSITION TO MOTION TO DELAY PRELIMINARY INJUNCTION HEARING, TO DELAY RESPONSIVE PLEADING, AND TO PERMIT EXPEDITED DEPOSITION DISCOVERY**

This Lawsuit seeks an immediate halt to the Defendant's concerted campaign of literally false and fraudulent comparative advertising in violation of the Lanham Act, 15 U.S.C. §1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§2, 11. By its own admission, the Defendant ("Posey") has been on notice since March 2004 that the HipSaver Company, Inc. ("HipSaver") objected to the false comparative advertising; yet the Defendant persisted, issued a new catalog with a sharpened attack on HipSaver, and has forced it to file suit to stop the campaign. Now, with a vague statement from Posey's chief executive suggesting some unspecified and unverified modification to its fraudulent advertising, the Defendant seeks to delay the preliminary

1

injunction hearing - to pursue entirely unnecessary but expensive discovery and to facilitate vacation for one of its four attorneys. HipSaver opposes this Motion as dilatory, groundless, and as an effort to attain an unfair discovery advantage.

A.     **The Motion Is Substantively Misleading**

The Defendant posits a substantively misleading case for discovery. The fact is that there is no "need" for expedited discovery – largely because the Defendant – not HipSaver - is the source of virtually all information, documents, and testing at the base of the fraudulent advertising. The Defendant argues that it needs expert discovery from the Plaintiff's expert and discovery from the Plaintiff's president to determine, for example, 1) whether or not Posey retained the graduate student at UCLA who conducted the fraudulent testing that is cited by Posey as the authoritative source of its false advertising; 2) whether or not Posey or the UCLA graduate student, intentionally misrepresented, distorted, and biased the tests; 3) whether or not Posey's graduate student at UCLA tested only stripped core materials. All of this information is in Posey's possession or is readily available to Posey without discovery from the Plaintiff.

Obviously, neither HipSaver nor its president nor the Plaintiff's expert is the source of this information. Posey and its graduate student are the source of this information. It is Posey's "science", Posey's test, Posey's authoritative study, Posey's "White Paper", and Posey's advertising. Posey can certainly obtain this information from its own records or from its graduate student. The suggestion that this information somehow resides with the Plaintiff or its expert is false and misleading and affords no basis whatsoever for discovery against HipSaver.

The source of Posey's advertising is the UCLA testing and study, and Posey should obtain whatever discovery it claims to require from the UCLA graduate student who conducted the testing, authored the study, and wrote Posey's deceptive "UCLA White Paper". Of course, HipSaver has no objection to whatever discovery Posey wishes to make of its graduate student – as long as that is not an excuse for delay of the preliminary injunction hearing and as long as the discovery is produced within a reasonable time prior to the hearing.

There is no basis or need for seeking discovery on the advertising source from HipSaver or its expert. Indeed, HipSaver and its expert, Dr. Hayes, have had nothing to do with the UCLA work. HipSaver's expert merely evaluated what is in the public record: Bimal Ghandi's UCLA thesis concerning hip protectors, his "White Paper" for Posey, and Posey's catalog advertising. HipSaver has submitted Dr. Hayes' report to the court and the Defendant for whatever expert rebuttal they choose to make. There is nothing here to necessitate deposition discovery prior to the preliminary injunction hearing.

**B.    Posey Has Declined Reciprocal And Timely Discovery**

Posey and its declarants have misstated the discussions between counsel. In fact, Plaintiff's counsel repeatedly attempted to find common ground for reciprocal discovery – but not a one sided effort to depose Plaintiff's witnesses and to delay the preliminary injunction hearing. However, Posey's counsel declined – going so far as to refuse to make Mr. Ghandi, the UCLA graduate student, available for deposition. Similarly, Posey has declined to make its expert available for deposition discovery.

While, as noted above, there is no significant need for discovery (and its attendant delay), HipSaver has not resisted discovery. Quite the contrary, HipSaver agreed to discovery from the outset – so long as it does not delay the preliminary injunction hearing and provided it is reciprocal. Yet, the Defendant has engaged in a classic "hide the ball" tactic. First, it argues that it cannot make its graduate student available, then it silently declines to make its expert available, all the while demanding depositions from the Plaintiff's president and expert. That is not reciprocal discovery; rather, it is a tactic to keep substantive evidence and expert testimony away from the Plaintiff – until the eve of the hearing when, of course, it can be sprung on the Plaintiff. This tactic violates Fed.R.Civ.P. 26(a)(2)(A) [disclosure of expert witnesses], 26(a)(2)(B) [expert report], 26(a)(2)(C) [reciprocal disclosure], and 26(b)(4) [expert deposition]. Consequently, the court cannot permit deposition of the Plaintiff's expert without requiring deposition of the Defendant's expert.

Now, it appears that Posey may be pursuing a variant argument by attempting to obtain expert discovery from HipSaver while disclaiming reliance on Mr. Ghandi's "science", test, study, or "White Paper" or its own expert. If that is the case, the court should not permit unilateral deposition discovery of the Plaintiff's without granting a motion *in limine* barring any subsequent attempt by the Defendant to submit evidence by or through Mr. Ghandi or an expert at the preliminary injunction hearing. Otherwise, Posey can obtain unfair advantage, again in violation of Rule 26, by withholding its witnesses from discovery and then submitting their evidence shortly before or at the hearing.

**C.     Discovery Must Be Reciprocal And Limited**

If the trial court finds any basis for expedited discovery, it must be reciprocal, unless a motion *in limine* is granted against Posey, discovery must be limited and expedited, and discovery cannot be cause for significant delay in the preliminary injunction hearing.  This is a case where a dominant, multi-line competitor has targeted a small, single product competitor with false and fraudulent advertising.  HipSaver cannot long withstand that false advertising and cannot sustain protracted litigation against a $40 million company.

Should the court direct limited discovery, a reasonable approach is for reciprocal expert discovery, *contingent* on issuance of an expert report by the Defendant at least one week prior to deposition of its expert.  A reasonable approach also is to limit expert depositions to one day each.  Rescheduling of the preliminary injunction hearing should not be later than two weeks from the original August 4, 2004 date to August 18, 2004.

Should the court grant limited discovery, HipSaver proposes the following amended schedule:

1. July 15, 2004 - responsive pleading to the Complaint

2. July 19, 2004 – Defendant's expert report

3. July 21-28, 2004 – Expert depositions

4. August 2, 2004 – Defendant's Response to Motion for Preliminary Injunction

5. August 13, 2004 – Reply by Plaintiff

6. August 18, 2004 – Preliminary Injunction hearing

## CONCLUSION

For the reasons stated, The HipSaver Company, Inc. opposes the Defendant's Motion for expedited discovery as dilatory and certainly unnecessary. To the extent, however, that the trial court permits discovery, it should be reciprocal, unless a motion *in limine* is granted against Posey, compliant with Rule 26 expert discovery provisions, and timely.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/  Brian M. Donovan
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Brain M. Donovan
BBO no.  650551
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated:   July 12, 2004

### Certificate of Service

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210 and by USPS First Class  mail to William J. Brutacao, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor, Pasadena, California  91101.

     /s/ Brian M. Donovan
Brian M. Donavan

02820/00501   321953.1