UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. No. 04-11294-PBS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| J.T. POSEY COMPANY, | ) |
| Counterclaimant, | ) |
| v. | ) |
| THE HIPSAVER COMPANY, INC., | ) |
| Counterdefendant | ) |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

### ANSWER

Defendant J.T. Posey Company ("POSEY") in answer to the complaint herein, admits, denies and alleges as follows:

To the extent that any response is required to the three unnumbered introductory paragraphs of the complaint, POSEY admits that the action seeks relief as set forth in the first sentence of the first unnumbered paragraph. Except as expressly admitted, POSEY denies each and every allegation contained in the first three unnumbered paragraphs of the complaint.

1., 2., 3., 4.   POSEY lacks sufficient information to admit or deny the allegations contained in paragraphs 1, 2, 3, and 4 of the complaint and on that basis denies the same.

5.   In response to paragraph 5, POSEY admits the allegations contained in the first two sentences thereof, and admits that POSEY continually seeks to expand the nature and number of products that POSEY offers. Except as expressly admitted, POSEY denies each and every allegation contained in paragraph 5.

6.   POSEY admits the allegations in paragraph 6.

7.   In response to paragraph 7, POSEY admits that this court has personal jurisdiction over POSEY. POSEY denies that it is carrying out any of the acts complained of in the complaint within Massachusetts or anywhere in the world.

8.   In response to paragraph 8, POSEY admits that this court has subject matter jurisdiction.

9.   In response to paragraph 9, POSEY admits that, pursuant to Local Rule 40.1(D), this case is properly assigned to the Eastern Division of the District of Massachusetts because HIPSAVER resides within that division. Except as expressly admitted, POSEY denies the allegations of paragraph 9.

10.   In response to paragraph 10, POSEY admits that it introduced a hip protector product in the year 1999 under the name HIPSTER. Except as expressly admitted, POSEY denies each and every allegation contained in paragraph 10.

11., 12., 13., 14.   POSEY denies each and every allegation contained in paragraphs 11, 12, 13, and 14.

15.   In response to paragraph 15, POSEY admits that HIPSAVER does not have a product under the name "SLIMSAVER," and alleges that HIPSAVER has a product under the

2

name "SLIMFIT" and that the HIPSAVER product erroneously identified in the papers authored by Mr. Gandhi as the "HIPSAVER SLIMSAVER" is correctly described as the "HIPSAVER SLIMFIT" and further alleges that Plaintiff was fully aware of this misnomer long before the complaint herein was filed. Except as expressly admitted, POSEY denies each and every allegation contained in paragraph 15.

16., 17., 18., 19., 20., 21., 22., 23.   POSEY denies each and every allegation contained in paragraphs 16, 17, 18, 19, 20, 21, 22, and 23.

24.   In response to paragraph 24, POSEY admits that it distributes catalogs throughout the country. Except as expressly admitted, POSEY denies each and every allegation contained in paragraph 24.

25.   POSEY admits the allegations of paragraph 25.

26., 27., 28., 29.   In response to paragraphs 26, 27, 28, and 29, POSEY denies that the catalogs state anything falsely.

30.   POSEY denies each and every allegation contained in paragraph 30.

31.   In response to paragraph 31, POSEY admits that UCLA does not authorize the use of the UCLA mark. Except as expressly admitted, POSEY denies each and every allegation contained in paragraph 31.

32., 33.   POSEY denies each and every allegation contained in paragraphs 32 and 33.

## COUNT I

34.   In response to paragraph 34, POSEY refers to and incorporates herein by reference its responses to each paragraph incorporated in paragraph 34 as though fully set forth herein.

35., 36., 37.   POSEY denies each and every allegation contained in paragraphs 35, 36, and 37.

## COUNT II

38.   In response to paragraph 38, POSEY refers to and incorporates herein by reference its responses to each paragraph incorporated in paragraph 38 as though fully set forth herein.

39., 40., 41.   POSEY denies each and every allegation contained in paragraphs 39, 40, and 41.

## FIRST AFFIRMATIVE DEFENSE

42.   The complaint, and each purported claim for relief contained therein, fails to state facts sufficient to constitute a claim for relief against POSEY.

## SECOND AFFIRMATIVE DEFENSE

43.   Plaintiff is entitled to no recovery herein because POSEY at all times acted in good faith.

## THIRD AFFIRMATIVE DEFENSE

44.   Plaintiff is barred from recovery herein due to Plaintiff's unclean hands.

## COUNTERCLAIM

As and for its counterclaim against Plaintiff, POSEY alleges:

45.   Counterclaimant POSEY is a corporation organized under the laws of the State of California with its principal place of business located in Arcadia, California.

46.   Counterdefendant The HipSaver Company ("HIPSAVER") is a business entity the form of which is unknown to POSEY located in Canton, Massachusetts.

47. POSEY is a family-run business, operated by members of the Posey family for three generations. POSEY was founded in 1937 by John T. Posey, is now run by his son Ernest M. Posey and his grandchildren are also involved in the business.

48. POSEY is a well-respected supplier of various products used in the healthcare industry. POSEY currently manufactures and sells over 600 healthcare products. POSEY is an innovator, having designed numerous new products. POSEY has obtained several patents for products invented by employees of POSEY including U.S. Patent Numbers 4,685,454 and 5,076,288.

49. POSEY has built a reputation for providing quality products at reasonable prices.

50. Within the last five years POSEY has introduced a line of hip protectors, that is, products that are designed to help prevent fractured hips from falls by elderly persons.

51. HIPSAVER offers a single line of healthcare products, namely hip protectors under the brand name HipSaver.

52. HIPSAVER has embarked on a campaign to tarnish and damage the reputation of POSEY and POSEY's hip protector products. Among other things, HIPSAVER has wrongly accused POSEY of infringing United States Patent Number 6,519,780, although HIPSAVER subsequently acknowledged that POSEY does not infringe said patent.

53. HIPSAVER has wrongly accused POSEY of selling "knock-off" products.

54. HIPSAVER has wrongly and falsely accused POSEY of selling defective and dangerous products.

55. HIPSAVER maintains an Internet website where HIPSAVER touts its products and denigrates products of its competitors, including POSEY.

56. Among other things, HIPSAVER advertises and represents on its website that:

A.  "In the event of a fall, the HipSaver airPad absorbs impact and inflates the pouch. Acting as a miniature automobile airbag, it shunts force away from the vulnerable hipbone to the soft tissue of the buttocks";

B.  HipSaver is the "only scientifically validated soft hip protector," and is "the only soft pad hip protector that has clinical validation";

C.  "HipSavers are the only all-soft hip protectors, proven effective - in both independent biomechanical testing and clinical study";

D.  HipSaver is "the Leader in Hip Protection";

E.  "HipSaver hip protectors won't fall apart or degrade like our competitors - we guarantee it!";

F.  "HipSaver is the first hip protector to encapsulate soft padding in an airtight, waterproof pouch. Beware of look-alike products that use inferior materials";

G.  "Only HipSaver can be laundered according to the CDC (Center for Disease Control) Guidelines for laundry";

H.  Posey Hipsters wash care instructions state "Up to a maximum of 160° F";

I.  Posey has not proven effective in orthopedic biomechanical testing;

J.  Posey is not proven successful on the market; and

K.  Posey does not have adaptive models to meet varied patients' needs.

57. POSEY is informed and believes and based thereon alleges that the representations described in the preceding paragraph are false and misleading.

58. As a consequence of the wrongful conduct of HIPSAVER as alleged herein POSEY has been damaged in an amount according to proof.

6

## FIRST CLAIM

### Violation of the Lanham Act

59. Posey repeats and realleges the allegations contained in paragraphs 45-58.

60. The conduct of HIPSAVER as alleged herein constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## SECOND CLAIM

### Violation of the Unfair or Deceptive Business Practices Act

61. Posey repeats and realleges the allegations contained in paragraphs 45-58.

62. At all times relevant hereto, HIPSAVER has been engaged in trade or commerce within the Commonwealth of Massachusetts.

63. The above-described acts by HIPSAVER occurred in the conduct of trade or commerce, and occurred primarily and substantially in the Commonwealth of Massachusetts.

64. The above-described acts by HIPSAVER constitute unfair or deceptive acts or practices declared unlawful by G.L. c. 93A, §§1, et seq.

65. HIPSAVER's use and employment of the above acts or practices constitute willful and knowing violations of G.L. c. 93A, §§1, et seq.

66. As a result of said acts or practices, POSEY has suffered a loss of money and property and is, therefore, entitled to multiple damages and reasonable attorneys' fees.

WHEREFORE, POSEY prays for relief as follows:

1. That Plaintiff take nothing by its complaint;

2. That the complaint be dismissed and judgment be entered in favor of POSEY;

3. For judgment for POSEY on the counterclaim;

4. For preliminary and permanent injunctive relief requiring Plaintiff to correct its false and misleading advertising claims;

5. For damages according to proof;

6. For multiple damages;

7. For costs of suit;

8. For reasonable attorney's fees;

9. For such other and further relief as the court deems just and proper.

## REQUEST FOR JURY

POSEY hereby requests trial by jury of all issues triable to a jury.

J.T. POSEY COMPANY

By its attorneys,

  /s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO No. 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

Jeffrey G. Sheldon
William J. Brutocao
Shannon S. Sheldon
SHELDON & MAK, PC
225 South Lake Avenue, 9th Floor
Pasadena, California 91101
(626) 796-4000

July 19, 2004

BOS\106749.1