**EXHIBIT "B"**

HIPSAVER COMPANY, INC.,
Plaintiff,

v.

J.T. POSEY COMPANY,
Defendant.

In the U.S. District Court
District of Massachusetts
Civil Action No. 04-11294-PBS

# LETTER REPORT OF PRELIMINARY OPINIONS
## ALAN G. GOEDDE, PH.D.

Freeman & Mills, Incorporated
350 South Figueroa Street, Suite 900
Los Angeles, CA 90071

## Letter Report of Preliminary Opinions
## Freeman & Mills Incorporated
## Alan G. Goedde, Ph.D.

1. I, Alan G. Goedde, am a member of the firm of Freeman & Mills, Incorporated, an economic and management consulting firm headquartered in Los Angeles, California.

2. I have over twenty years of experience developing financial and economic analyses to solve business problems. I have worked in business and in government. My educational background includes a BS in Engineering and an MA and Ph.D. in Economics, all from Duke University. I have been qualified as an expert witness and have testified in both federal and state courts. My professional resume, which includes a summary of my testimony experience, is attached to this report.

3. I have been engaged by the law firm of Sheldon & Mak on behalf of J.T. Posey Company in connection with the matter, *HipSaver Company, Inc. v. J.T. Posey Company*, Civil Action No. 04-11294-PBS pending in the U.S. District Court for the District of Massachusetts.

4. At the request of counsel for J.T. Posey Company I have been asked to review the sales of J.T. Posey Hipster brand hip protectors to determine if there is any evidence of a change in the pattern of Hipster sales occurring after the distribution to J.T. Posey customers of a "White Paper" authored by Bimal P. Gandhi. I also reviewed the July 29, 2004 Declaration of Ernest M. Posey and the July 12, 2004 Declaration of Martin Ryan

5. I tested for a change in the pattern of Hipster sales by determining the trend line for the unit sales of Hipster from January 2002 through June 2004. I then examined the values for the period November 2003 through June 2004 to see if the pattern of values differed significantly from the

trend line, and if there were any single values that appeared to lie outside the trend ("outliers"). I have not reviewed any sales information from HipSaver.

6. If the "White Paper" caused HipSaver customers to switch to the Hipster product, there would be a change in the trend of sales after November 2003. I would also expect to find several outliers. I tested for a change in the trend by examining the residual values of the regression line used to determine the trend. The residual values measure the deviation of the observed values from the trend. My review of the residual values shows that no significant change occurred in the pattern of sales after November 2003.

7. I tested for outlier sales by examining the values of the standard residuals. Generally speaking, a standard residual value greater than 2.00 indicates an outlier. The only outlier appearing from the period November 2003 through June 2004 was in April 2004. It is my understanding that in April 2004, a large sale was made to Campeire Ltd. in Cork Ireland. I reviewed the declaration of Martin Ryan, the Sales Director of Campeire, wherein he stated that he did not consult or consider any of Posey's literature or product comparison claims in making his decision to purchase the Hipster product.

8. Based on my review of the unit sales of Hipster products, there is no evidence that Hipster experienced an increase in sales as a result of the "White Paper".