## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

|  |  |
|---|---|
| HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| J.T. POSEY COMPANY, | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT J.T. POSEY COMPANY'S WRITTEN OBJECTIONS TO PLAINTIFF HIPSAVER COMPANY, INC.'S EVIDENCE

### I.    INTRODUCTION

Defendant J.T. Posey Company ("Posey") hereby objects to evidence submitted and/or obtained by Plaintiff HipSaver Company, Inc. ("HipSaver") as follows:

1.    Posey objects to portions of the affidavit of Edward L. Goodwin ("Goodwin's Affidavit"), submitted by HipSaver as "Tab A" in support of HipSaver's Motion for Preliminary Injunction;

2.    Posey objects to the preliminary summary of Wilson C. Hayes, Ph.D. (the "Hayes Report") as "Tab B" in support of HipSaver's Motion for Preliminary Injunction; and

3.    Posey objects to HipSaver's use of any and all evidence obtained through issuance of a subpoena to a third party, such as the University of California at Los Angeles ("UCLA"), without notice given to Posey, and in violation of Federal Rules of Civil Procedure Rules 26 and 45.

## II.    OBJECTIONS

### A.    GOODWIN'S AFFIDAVIT

1.    **Portion Objected To:** "Posey routinely copies the work of other companies and then uses its market dominance to introduce "knock-off" products to the market."

        **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; irrelevant; speculation.

2.    **Portion Objected To:** "Posey then copied much of the design of the HIPSAVER protector and introduced a knockoff marketed initially as the HIPSTER III."

        **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; irrelevant; speculation.

3.    **Portion Objected To:** "Posey's HIPSTER knock-off copies HipSaver's design."

        **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; irrelevant; speculation.

4.    **Portion Objected To:** "I learned that Posey had retained one of Professor Gupta's graduate engineering students at UCLA…"

        **Basis of Objection:** Hearsay; no personal knowledge; speculation.

5.    **Portion Objected To:** "Mr. Ghandi [Gandhi] and Professor Gupta have both acknowledged that the hip protectors were stripped and reduced to core materials only."

        **Basis of Objection:** Hearsay; no personal knowledge; speculation.

6.    **Portion Objected To:** "Posey and Mr. Gandhi were able to distort test results and misrepresent the relative safety of HipSaver."

> **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; speculation.

7.    **Portion Objected To:** "I asked Professor Gupta about this, and he identified the so-called HIPSAVER protectors by color, 'blue'; by substance, 'rubber base'; and cross sectional dimension, '9mm'."

> **Basis of Objection:** Hearsay; no personal knowledge; speculation.

8.    **Portion Objected To:** "It is clear from this that Mr. Gandhi did not even include our products in his study. He studied some other product but mistook or mislabeled it as HipSaver."

> **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; speculation.

9.    **Portion Objected To:** "The 'White Paper' first makes the false statement that 'hip protectors' were tested when, in fact, only stripped core materials were tested."

> **Basis of Objection:** States an improper legal conclusion with no factual support; no personal knowledge; speculation.

## B.    THE HAYES REPORT

HipSaver submits the Hayes Report as a preliminary summary opinion letter without providing a declaration or affidavit of Dr. Hayes to accompany the letter, in violation of Federal Rules of Civil Procedure Rule 6(d) providing, "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Moreover, the Hayes Report has not been properly authenticated, as required by Federal Rules of Evidence Rule 901, and thus, is inadmissible.

## C.    THIRD PARTY SUBPOENA

Upon information and belief, HipSaver issued a subpoena to UCLA requesting certain documents, and has recently received such documents from UCLA. Posey anticipates that HipSaver intends to introduce some of the subpoenaed documents as part of its reply to Posey's Opposition to HipSaver's Motion.

HipSaver did not serve Posey with notice of any subpoena that HipSaver served on UCLA or any other third party.[1] Furthermore, HipSaver has engaged in discovery from third parties prior to any Rule 26 meeting of counsel. Thus, by serving a subpoena on a third party HipSaver has violated Federal Rules of Civil Procedure Rules 26 and 45.

Rule 45(b)(1) expressly requires a party issuing a subpoena for the production of documents to a non-party to provide prior notice of the subpoena to all parties to the litigation: "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)."

---

[1] *After* HipSaver obtained documents from UCLA, HipSaver notified Posey that it had obtained the documents, and on August 4, 2004 HipSaver belatedly provided copies to Posey of the documents it had received from UCLA.

4

"The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." *Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 411 (S.D.N.Y.2000) (*citing Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998); *Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163 (10th Cir. 2003) (Biocore counsel was disqualified from appearing in the case based on violations of Rule 45(b)(1) where Butler failed to serve Biocore with prior notice of three subpoenas-mailing notice for two subpoenas ten days after service and mailing notice for one subpoena seven days after service); *Firefighters' Inst. For Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (quash subpoenas because issuing party failed to serve other parties with prior notice of demand for production); *Murphy v. Board of Educ. Of Rochester Sch. Dist.*, 196 F.R.D. 220, 222-223 (W.D.N.Y. 2000) (court ruled that notice must be given before issuance of subpoena, not before its return date); *Callanan v. Riggers & Erectors, Inc.*, 149 F.R.D. 519, 519 (D.V.I. 1992) (same); 9 Moore's Federal Practice, § 45.03[4][b] at 45-27 (3d Ed. 2000). The "purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Biocore*, 181 F.R.D. at 667.

Counsel may be sanctioned for failure to comply with the prior notice requirement. 9 Moore's Federal Practice, § 45.03[4][b] at 45-27 (3d Ed. 2000); *Murphy, supra* (exercising its inherent sanctioning power, court imposed sanctions in form of attorneys' fees and costs on plaintiff's counsel); *Spencer v. Steinman*, 179 F.R.D. 484, 489 (E.D. Pa. 1998) (plaintiff's counsel was ordered to pay counsel fees incurred by defendant in bringing violation of prior notice requirement to court's attention); *Allender*

5

*v. Raytheon Aircraft Co.*, 220 F.R.D. 661 (D. Kan. 2004) (imposing sanctions and issuing a protective order).

HipSaver has not provided any notice to Posey of any subpoena that HipSaver has served on any third party. This violates Rule 45.

Moreover, Rule 26(d) provides "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have not conducted a Rule 26 conference. Therefore, HipSaver has prematurely engaged in discovery from third parties in violation of Rule 26.

Although the parties agreed to certain limited discovery in connection with the Preliminary Injunction motion, this was limited to proposed depositions of the parties' respective experts. Even that proposed discovery was frustrated by HipSaver.

Posey had proposed depositions of Professor Hayes and Edward Goodwin, the two individuals on which HipSaver relies to support its motion. HipSaver refused to produce Mr. Goodwin for deposition, but agreed to produce Professor Hayes for deposition on condition that Posey identify its expert and make its expert available for deposition. HipSaver specifically proposed that the two expert depositions be taken between July 21 and July 28, 2004. (See HipSaver's Opposition to Posey's Motion for Expedited Discovery.)

Posey agreed to this timeframe and a stipulation to that effect was filed with the Court. Posey timely identified its expert, and advised HipSaver of its expert's availability for deposition. Even though HipSaver selected the July 21 – 28 window, HipSaver failed to make Professor Hayes available during that period of time. Consequently, no depositions were taken.

The parties did not agree to any other discovery. HipSaver never advised Posey that it intended to serve or had served a subpoena on UCLA, and Posey never agreed that HipSaver could obtain discovery from UCLA.

It is troubling that HipSaver would serve a subpoena on a third party without ever notifying Posey.

HipSaver should not be permitted to gain from such blatant violations of Rule 45 and Rule 26.

### III.    CONCLUSION

For the foregoing reasons, the Court should:

1.    Strike and not consider the above-identified portions of Goodwin's Affidavit;

2.    Strike and not consider the Hayes Report in its entirety; and

3.    Not consider any documents provided by HipSaver which it has obtained from a third party by subpoena.

Dated: August 5, 2004

> J.T. POSEY COMPANY
> By its attorneys,
>
> _/s/ Anthony J. Fitzpatrick_
> Anthony J. Fitzpatrick (BBO # 564324)
> DUANE MORRIS LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210
> (617) 289-9200
>
> Jeffrey G. Sheldon (CA Bar No. 67516)
> William J. Brutocao (CA Bar No. 75959)
> SHELDON & MAK
> 225 South Lake Avenue, Suite 900
> Pasadena, CA 91001
> (626) 796-4000