UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

HIPSAVER COMPANY, INC., )
)
Plaintiff, )
)
v. )
)
J.T. POSEY COMPANY, )
)
Defendant. )

**DEFENDANT J.T. POSEY COMPANY'S SUPPLEMENTAL WRITTEN OBJECTIONS TO PLAINTIFF HIPSAVER COMPANY, INC.'S EVIDENCE IN SUPPORT OF ITS REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELMINARY INJUNCTION**

I.   **INTRODUCTION**

Defendant J.T. Posey Company ("Posey") objects to evidence submitted by Plaintiff HipSaver Company, Inc. ("HipSaver") in support of its Reply to Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction ("HipSaver's Reply") that introduces for the first time new facts and legal arguments.

Reply papers should be limited to matters raised in the opposition papers, as it is improper for the moving party to introduce new facts or different legal arguments in the reply brief than presented in the moving papers. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895, 110 S.Ct. 3177, 3192 (1990) (court has discretion to disregard late-filed factual matters); *Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.*, 322 F.3d 56, 60, fn 2

(1st Cir. 2003) (striking statement of facts and new factual references in reply brief); *VanHaaren v. State Farm Mut. Auto. Ins. Co.*, 989 F.2d 1, 7, fn 7 (1st Cir. 1993) (granting motion to strike new legal arguments of reply brief on grounds that reply brief exceeded scope of opening brief thereby frustrating right to prepare an appropriate response); *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) ("It is well settled in this court, for good reason which need not be rehearsed here, that a legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed."); *In re Boston Regional Medical Center, Inc.*, 2004 WL 1746820 at *9, No. 01-10572-MLW (D. Mass. August 4, 2004) (court allowed Motion to Strike, concluding additional issues were outside the scope of the court's briefing orders).

Accordingly, the new factual evidence introduced by HipSaver in support of its Reply should be stricken. Additionally, any material introduced by HipSaver that is irrelevant, speculative, hearsay, and/or lacks personal knowledge should also be stricken.

## II.     OBJECTIONS

### A.     DECLARATION OF EDWARD L. GOODWIN IN SUPPORT OF HIPSAVER'S REPLY

1.     **Portion Objected To:** "I have found that the length of time from the point of advertising/initial contact with a potential customer to actual sales of hip protectors averages 4-12 months:

- Hip protectors are new to the healthcare field and therefore must be incorporated into budget plans. If hip protectors are advertised in a period between budgets, they may not be purchased until after the next budget allocation. In many cases, budgets are on an annual basis.

- Hip protectors are not an impulse purchase, but rather an organizational purchase requiring the input and approval of several functional areas and committees. In many cases 'Fall Committees' must convene to evaluate and approve hip protectors. This process can take several months.
- Although a health care provider may become aware of hip protectors they may not have patients in need of hip protectors until some future date.
- Many health care providers try out hip protectors on a small scale (3-10 units) for several months prior to larger purchases."

(Goodwin's Affidavit at ¶ 2).

**Basis of Objection:** States new facts; speculation; no personal knowledge.

2. **Portion Objected To:** "In view of the long sales cycle for hip protectors, advertising may well have its greatest impact on a purchase decision many months later. Therefore, the impact of a particular advertising campaign such as the 'Posey/UCLA' campaign may not be fully determined for up to a year after the ads are in the hands of health care purchasers." (Goodwin's Affidavit at ¶ 3).

**Basis of Objection:** States new facts; speculation; no personal knowledge.

3. **Portion Objected To:** "HipSaver experienced a 75% growth in domestic sales from 2002 to 2003 (first 7 months results). For the first seven months of 2004, our

domestic sales growth has slowed to 55% (from 2003) despite a major advertising campaign by HipSaver." (Goodwin's Affidavit at ¶ 6).

          **Basis of Objection**: States new facts.

4.     **Portion Objected To**: "We have lost a sales opportunity with McKesson which would be worth more than $300,00, and we have lost more than $40,000 in sales from Casmpeire Ltd in Ireland." (Goodwin's Affidavit at ¶ 6).

          **Basis of Objection**: States new facts; irrelevant because it does not associate loss of potential sales opportunities with Posey's advertising.

5.     **Portion Objected To**: "But health care purchasers may be reluctant to purchase Posey products because of launderability problems. Purchasers may look elsewhere for hip protectors." (Goodwin's Affidavit at ¶ 8).

          **Basis of Objection**: States new facts; no personal knowledge; speculation; irrelevant.

    **B.**     **SUPPLEMENTAL REPORT OF WILSCON C. "TOBY" HAYES**

1.     **Portion Objected To**: "In fact, given that Mr. Gandhi was testing foam inserts and not hip protectors, he should have followed the protocols defined by ASTM standard for the testing of foams." (Hayes' Supplemental Report at ¶ 5).

          **Basis of Objection**: States an improper conclusion with no factual support; no personal knowledge; speculation.

2.     **Portion Objected To**: "As a consequence of Mr. Gandhi's use of a non-permeable platen, in violation of the ASTM standard, and his failure to incorporate the encapsulation material in the test protocols, thereby ignoring the importance of air flow and realistic boundary conditions, his study is scientifically unreliable for characterizing

4

either the foam inserts themselves or the hip protectors from which the inserts have been removed." (Hayes' Supplemental Report at ¶ 5).

      **Basis of Objection:** States an improper conclusion with no factual support; no personal knowledge; speculation.

3.     **Portion Objected To:** "HipSaver does not have a blue foam product." (Hayes' Supplemental Report at ¶ 10).

      **Basis of Objection:** States an improper conclusion with no factual support; no personal knowledge; speculation.

    C.     **HIPSAVER'S REPLY BRIEF**

1.     **Portion Objected To:** "UCLA has directed Posey to halt its unauthorized use of the UCLA trademark in this advertising. *See* correspondence from Patricia M. Jasper, Esq., university counsel, dated May 17, 2004." (Reply brief at page 2, footnote 1).

      **Basis of Objection:** New facts; hearsay; irrelevant; no personal knowledge; speculation (correspondence from Ms. Japser is not attached).

2.     **Portion Objected To:** "Nor has it [Posey] taken a single step to halt its internet newsletters or to instruct its sales staff and regional agents to alert health care providers of the false ads." (Reply Brief at page 12).

      **Basis of Objection:** New facts; no personal knowledge; speculation.

### III.  CONCLUSION

For the foregoing reasons, the Court should strike and not consider the above-identified portions of Goodwin's Affidavit, Hayes' Supplemental Report, and HipSaver's Reply Brief.

Dated: August 17, 2004

                                              J.T. POSEY COMPANY
                                              By its attorneys,

                                              /s/ Anthony J. Fitzpatrick
                                            Anthony J. Fitzpatrick (BBO # 564324)
                                            DUANE MORRIS LLP
                                            470 Atlantic Avenue, Suite 500
                                            Boston, MA 02210
                                            (617) 289-9200

                                            Jeffrey G. Sheldon (CA Bar No. 67516)
                                            William J. Brutocao (CA Bar No. 75959)
                                            SHELDON & MAK
                                            225 South Lake Avenue, Suite 900
                                            Pasadena, CA  91001
                                            (626) 796-4000

BOS\108408.1