UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
|     Plaintiff, | ) |
|     Counterclaim Defendant | ) |
| v | ) |
| J.T Posey Company, | ) |
|     Defendant, | ) |
|     Counterclaim Plaintiff | ) |

## OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), OPPOSES J.T. Posey Company's Motion for Sanctions and states the following:

1. Lacking a substantive defense to Plaintiff's lawsuit for literally false comparative advertising, the Defendant, just a day prior to the hearing on Plaintiff's Motion for a Preliminary Injunction, has launched a transparent, dishonest, and disgraceful personal attack on the Plaintiff's president, Edward L. Goodwin. This is "smash mouth" lawyering at its worst.

1

2       This dishonest Motion should be stricken by the trial court as an outrageous effort to prejudice and distract the court and to intimidate Mr. Goodwin.

3.      Defendant's Motion accuses HipSaver, through its president, of falsely claiming that HipSaver products were not tested but were then misrepresented as having been tested in the fatally flawed and fraudulent testing conducted by Mr. Gandhi. That statement is NOT false, and Posey has nothing to counter it beyond the self serving, twisted, hearsay allegations of the Defendant's marketing vice president. Beyond the fact that he has no personal knowledge whatsoever of the testing which serves as the basis for Posey's false advertising, consider the following:

- Mr. Gandhi obtained the samples for his testing from Posey, a party which paid for and had an overwhelming conflict of interest with respect to the testing and results. Standard test protocol is to obtain test samples directly from the manufacturer – not from a conflicted party.

- Posey identified the samples to Mr. Gandhi but has produced no record to confirm that its identification was accurate, that it did not compromise the samples, or that the samples were as identified by Posey. The Defendant simply demands that we believe Posey because it is the party screaming, "Liar!".

- Posey has admitted that at least one of the samples it provided to Mr. Gandhi was for a product, "Slimsaver", that HipSaver has never sold. The fact that Mr. Gandhi and his supervisor later claim that this product is HipSaver's "Slimfit" hip

protector is for naught. How would they know? Posey was their source of information, and Posey won't verify what it gave to Mr. Gandhi.

- Posey has secreted Mr. Gandhi since this lawsuit was filed and has never produced the hip protectors he is alleged to have tested. If, as Posey insists, Mr. Gandhi tested the Plaintiff's HipSaver products, it should be a simple matter to produce his test samples. Where are they?

4.  Defendant's Motion next accuses Mr. Goodwin of falsely claiming that intact hip protectors were not tested but were cannibalized, tested without encapsulation (stripped to the foam inserts only) and then misrepresented in the advertising as if the tests were of intact hip protectors. This statement is NOT false. Consider the following:

- Mr. Goodwin will produce a tape recorded statement from Mr. Gandhi's faculty supervisor, Professor Gupta, stating that Mr. Gandhi "just simply did the test without the pouch, and we have the thesis which you can [reference]".

- Neither Mr. Gandhi nor Professor Gupta has come forward to challenge the Plaintiff's assertion that the thesis and "White Paper" report on testing of cannibalized foam inserts, " without the pouch", but then the "White Paper" and Posey's advertising misrepresent the reported results as if they are for tests of intact hip protectors.

3

- The Defendant's expert, Dr. Hedman, has confirmed in his letter report that the Gandhi thesis (which is cited as the source of Posey's "White Paper" and its advertising) reports on tests of "foam inserts" – <u>not</u> intact, encapsulated hip protectors.

- Significantly, Posey's expert, Dr. Hedman, makes no suggestion that either the "White Paper" or advertising accurately describes testing of intact hip protectors – because, as he states the thesis reports on "foam inserts" only. Foam inserts are not hip protectors. To his credit, Dr. Hedman has not joined in the "White Paper" and advertising misrepresentation of cannibalized foam inserts as hip protectors.

- In his Declaration, Posey's president, Ernest Posey, suggests he is uncertain what was tested and reported on by Mr. Gandhi. Mr. Posey confirms that Mr. Gandhi first tested the foam inserts only and that Posey subsequently requested new data on tests "in their pouches". However, neither Mr. Posey nor anyone else associated with the Defendant has been willing to produce that data.

- If, as Posey's president declares, there is data for testing of foam inserts only and there is also data for "in pouch" or intact testing, why has Posey refused to produce that data? Why has Posey's attorney refused also to produce that data?

- On Saturday, August 14th; on Monday, August 16th; and on Tuesday, August, August 17th, counsel for HipSaver made three written requests to Posey's attorney seeking a document cited in Posey's expert report. That document refers to data reviewed by Dr. Hedman for tests by Mr. Gandhi of "in pouch" or intact hip

protectors. Dr. Hedman distinguishes that data from the "foam insert" only data in the Gandhi thesis and "White Paper". However, Posey's counsel refused. If, as the Hedman reports suggests, such data for "in pouch" testing exists, why hasn't that data been produced? Why does counsel refuse to produce data which would, presumably, support the allegation of perjury?

5.  It is brazenly dishonest for the Defendant to allege perjury in this case when it refuses to produce the test samples or verify the test samples it provided to Mr. Gandhi and when it refuses to produce the data it alleges is somewhere to prove that Mr. Gandhi "really" tested and "really" reported on testing of intact hip protectors. Posey can readily prove its allegations with facts. Why not simply produce the test samples and the "in pouch" data, then point the finger? To have proceeded as it has is simply contemptible.

Respectfully submitted,

THE HIPSAVER COMPANY, INC.
By its Attorneys,

s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated:   August 18, 2004

**Certificate of Service**

I certify that a copy of this document has been forwarded by USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210 and by USPS First Class mail to William J. Brutocao, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor, Pasadena, California 91101.

s/ Edward J. Dailey

02820/00501 329723.1